IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

EASTERN ~~SOUTHERN~~ DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 10 2025

BY ARTHUR JOHNSTON DEPUTY

2:25-cv-164-HSO-BWR

KAVONDRA MCCAULEY,   PLAINTIFF

v.

JEFFERSON DAVIS COUNTY SHERIFF'S DEPARTMENT,
and SHERIFF RON STRICKLAND, in his official and individual capacities, JOSEPH
SCOTT, in his official and individual capacities, and VERNON DAMPIER, in his
official and individual capacities.   DEFENDANTS

### COMPLAINT UNDER 42 U.S.C. § 1983 FOR VIOLATION OF CIVIL RIGHTS, DAMAGES, AND JURY DEMAND

### I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the Constitution of the United States.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Jefferson Davis County, Mississippi, which lies within the Southern District of Mississippi.

### II. PARTIES

4. Plaintiff, Kavondra McCauley, is an adult resident citizen of 596 Acorn Ln, Brandon, Mississippi 39047.

5. Defendant, Jefferson Davis County Sheriff's Department, is a governmental law enforcement agency operating under the authority of Jefferson Davis County and may be served through the Sheriff's Office at 2557 Third Street, Prentiss, MS 39474.

6. Defendant, Sheriff Ron Strickland, is the duly elected Sheriff of Jefferson Davis County and is sued in both his official and individual capacities for actions taken under color of state law.

### III. FACTUAL BACKGROUND

7. On or about November 11, 2023, Plaintiff was unlawfully arrested by deputies of the Jefferson Davis County Sheriff's Department without probable cause or legal justification.

8. Plaintiff was detained, humiliated, and deprived of her liberty as a result of this unlawful arrest.

9. All criminal charges arising from said arrest were dismissed on or about January 4, 2024.

10. Plaintiff's arrest was not supported by probable cause, nor was it justified under the Fourth Amendment to the United States Constitution.

11. As a direct and proximate result of the unlawful arrest, Plaintiff suffered lost wages, emotional distress, mental anguish, humiliation, and incurred attorney's fees.

### IV. CLAIMS FOR RELIEF

COUNT I – UNLAWFUL SEIZURE / FALSE ARREST/ FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

12. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

13. Defendants, acting under color of state law, deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution by unlawfully arresting and detaining her without probable cause.

14. The actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's federally protected rights.

COUNT II – NEGLIGENCE AND FAILURE TO TRAIN AND SUPERVISE

15. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

16. Defendants failed to properly train, supervise, and discipline deputies, resulting in the violation of Plaintiff's rights.

17. The failure to train and supervise constituted deliberate indifference to the constitutional rights of individuals such as Plaintiff.

## V. DAMAGES

18. As a result of Defendants' wrongful actions, Plaintiff suffered and continues to suffer:

- Loss of wages and income;

- Emotional distress and mental anguish;

- Reputational harm; and

- Attorney's fees and litigation expenses.

19. Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, entitling her to punitive damages.

## VI. JURY DEMAND

20. Plaintiff hereby demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendants, jointly and severally, as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For punitive damages against the individual Defendants;

C. For reasonable attorney's fees and costs under 42 U.S.C. § 1988;

D. For pre- and post-judgment interest; and

E. For such other and further relief as this Court deems just and proper.

Respectfully submitted this _10_ day of _November_ 2025.

Kavondra McCauley
Plaintiff, Pro Se
596 Acorn Ln
Brandon, MS 39047
601-490-5133
Email: kavondramccauley@yahoo.com