**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KAVONDRA MCCAULEY** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 2:25cv164-HSO-BWR** |
| | § | |
| | § | |
| **JEFFERSON DAVIS COUNTY** | § | |
| **SHERIFF'S DEPARTMENT, et al.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS [24], [29], [31] FOR JUDGMENT ON THE PLEADINGS**

Defendants Vernon Dampier ("Dampier"), Sheriff Ron Strickland ("Strickland"), Joseph Scott ("Scott"), and the Jefferson Davis County, Mississippi, Sheriff's Department (the "Sheriff's Department") (collectively, "Defendants"), seek dismissal of pro se Plaintiff Kavondra McCauley's ("Plaintiff" or "McCauley") 42 U.S.C. § 1983 claims against them under Federal Rule of Civil Procedure 12(b)(c). *See* Mot. [24]; Mot. [29]; Mot. [31]; Mem. [25]; Mem. [30]. Plaintiff has not responded. Defendants' Motions [12] should be granted, and the claims against them should be dismissed.

I. BACKGROUND

On February 26, 2026, Plaintiff filed an Amended Complaint [5] against the Sheriff's Department, Strickland, Scott, Dampier, and Jefferson Davis County, Mississippi (the "County"), for Fourth Amendment violations and negligence arising out of an allegedly unlawful arrest. *See* Am. Compl. [5] at 2. Plaintiff claims that she "was detained, humiliated, and deprived of her liberty" during an arrest that

"was not supported by probable cause, nor was it justified under the Fourth Amendment," and that "[a]ll criminal charges arising from said arrest were dismissed . . . ." *Id.* The Amended Complaint [5] asserts two causes of action: unlawful seizure, false arrest, and false imprisonment under 42 U.S.C. § 1983 (Count I); and a negligence claim for failure to train and supervise (Count II), *id.* at 3. Defendants all filed Answers denying the allegations and raising defenses such as failure to state a claim and qualified immunity. *See generally* Answer [19]; Answer [22].

On May 1, 2026, Defendant Dampier filed a Motion [24] for Judgment on the Pleadings regarding the individual capacity claims against him, arguing that Plaintiff has failed to overcome qualified immunity. *See* Mot. [24]; Mem. [25] at 3-5. On June 10, 2026, Defendants Strickland, Scott, and the Sheriff's Department filed additional Motions [29], [31] for Judgment on the Pleadings. *See* Mot. [29]; Mot. [31]. Strickland and Scott similarly seek dismissal of the individual capacity claims against them, on grounds that the Amended Complaint [5] constitutes a shotgun pleading and fails to state any claim for relief, and that they are entitled to qualified immunity. *See* Mem. [30] at 5-12. The Sheriff's Department maintains that it is not an entity amenable to suit under Mississippi law. *See* Mot. [31] at 1-2. To date, Plaintiff has not responded to any of these Motions [24], [29], [31], and the time for doing so has long passed. *See* L.U. Civ. R. 7(b)(4).

## II. DISCUSSION

### A. Relevant Legal Authority

Federal Rule of Civil Procedure 12(c) states "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (quotation omitted). Review of a Rule 12(c) motion "is generally limited to the contents of the pleadings, including attachments thereto." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (quotation omitted). A court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016) (per curiam) (quotation omitted).

"The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6)," *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (per curiam), and "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that the allegations in the complaint "must be enough to raise a right to relief above the speculative level . . . ," *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678.

Pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, but they must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) ("Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.").

B. Analysis

1. Claims Against Defendants Strickland and Scott

a. Failure to State a Claim

First, Sheriff Strickland and Scott argue that the Amended Complaint [5] constitutes a shotgun pleading subject to dismissal because it lumps together multiple allegations against multiple Defendants, Mem. [30] at 6, is conclusory in nature, *id.* at 7, and "fail[s] to assert how each individual defendant, discretely, individually, and personally violated Plaintiff's constitutional rights," *id.* at 8. With respect to the Fourth Amendment claim, Strickland and Scott contend that "Plaintiff provides no factual allegations whatsoever regarding the circumstances of her arrest—such as when or where it occurred, the basis for the arrest, or the charges involved—let alone any facts tying Sheriff Strickland or Deputy Scott to the alleged conduct." *Id.* at 9. And regarding the negligence claim, Strickland and Scott maintain that Plaintiff has pled no facts "plausibly alleg[ing] any deficiency in

training." *Id.* at 10.

The Court is of the opinion that the Amended Complaint [5] fails to plausibly state a claim for relief, regardless of whether it is categorized as a shotgun pleading, as the closest it comes to alleging actual, non-conclusory facts are:

> 14. On or about November 11, 2023, Plaintiff was unlawfully arrested by deputies of the Jefferson Davis County Sheriff's Department without probable cause or legal justification.
> 15. Plaintiff was detained, humiliated, and deprived of her liberty as a result of this unlawful arrest.
> 16. All criminal charges arising from said arrest were dismissed on or about January 4, 2024.

Am. Compl. [5] at 2. The remainder of the Amended Complaint [5] is comprised of conclusory allegations and legal conclusions. For example, Plaintiff alleges that "Jefferson Davis County failed to properly train, supervise, and discipline its officers" without providing any facts to support this claim. *Id.* And Plaintiff simply says that her "arrest was not supported by probable cause, nor was it justified under the Fourth Amendment to the United States Constitution," *id.*; but again, no facts were pled on this point.

The Amended Complaint [5] is no more than a collection of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, and the allegations against Defendants Strickland and Scott should be dismissed as such, *see Jackson v. T-Mobile, Inc.*, No. 5:23-CV-109-KS-BWR, 2024 WL 4907938, at *3 (S.D. Miss. May 20, 2024) (dismissing a negligent hiring claim where the plaintiffs "utterly fail[ed] to allege any facts to support a claim of negligent hiring and/or training"); *Thomas v. Clark*,

No. SA-21-CV-00640-OLG, 2022 WL 22843753, at *3 (W.D. Tex. Feb. 23, 2022) (dismissing a § 1983 claim for false arrest where the complaint offered "nothing more than legal conclusions couched as factual assertions that the [c]ourt need not accept as true").

b. Qualified Immunity

Plaintiff has failed to overcome Defendants Strickland and Scott's qualified immunity for similar reasons. "Section 1983 creates a private right of action for redressing violations of federal law by those acting under color of state law." *Olabisimotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). "In response, officials may raise the defense of qualified immunity." *Stevenson v. Tocé*, 113 F.4th 494, 501 (5th Cir. 2024). "When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize the complaint before subjecting public officials to the burdens of broad-reaching discovery." *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019) (quotation omitted) (cleaned up). In order to overcome qualified immunity, "a plaintiff [must] plead[] facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

As a preliminary matter, Plaintiff's negligence claim does not support a claim for damages under 42 U.S.C. § 1983. *See Babino v. Harris Cnty.*, No. CV H-24-1870, 2025 WL 816641, at *2 (S.D. Tex. Mar. 13, 2025) ("It is well established that a

§ 1983 claim cannot be based on negligence." (citing *Eason v. Thaler*, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996)). Otherwise,

> "to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). As applied to the qualified immunity inquiry, the plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for any crime.

*O'Dwyer v. Nelson*, 310 F. App'x 741, 745 (5th Cir. 2009) (per curiam) (cleaned up).

Plaintiff has pled no facts regarding her arrest besides the fact that it occurred. *See generally* Am. Compl. [5]. She has not explained how the arrest lacked probable cause or why Defendants Strickland and Scott lacked a reasonable belief that probable cause existed; in fact, she has failed to allege that these Defendants even participated in the alleged wrongdoing. *See, e.g., Martin v. Streeter*, No. 3:11CV20-SA-DAS, 2012 WL 5269615, at *3 (N.D. Miss. Oct. 24, 2012) ("To state a cause of action under § 1983, a plaintiff must allege facts specifying the defendant's personal participation in the alleged wrong."). This is insufficient to overcome Strickland and Scott's qualified immunity, and the individual capacity claims against them should be dismissed.

2. Claims Against Defendant Dampier

Dampier maintains that he is entitled to qualified immunity for the same reasons as Defendants Strickland and Scott. *See* Mem. [25] at 5 ("Critically, Plaintiff failed to allege any facts that show any conduct by Deputy Dampier. Thus, no factual allegation in Plaintiff's Amended Complaint can establish that Deputy Dampier violated a statutory or constitutional right of the plaintiff."

(internal quotation marks, citation, and emphasis omitted)). For the same reasons the Court has discussed with respect to Defendants Strickland and Scott, *see* discussion *supra* Section II.B.1.b, the individual capacity claims against Dampier should likewise be dismissed.[1]

3. Claims Against Jefferson Davis County Sheriff's Department

Lastly, the Sheriff's Department argues that it should be dismissed because it is not amenable to suit under Mississippi law. *See* Mot. [31] at 1-2. "[I]n Mississippi, a sheriff's department is not an entity amenable to suit in a case filed under 42 U.S.C. § 1983." *Hampton v. Tunica Cnty. Bd. of Sup'rs*, No. 2:06CV100-SA-SAA, 2008 WL 4450294, at *3 (N.D. Miss. Sept. 29, 2008); *see also, e.g.*, *Ellsberry v. Carter*, No. 1:21-CV-377-TBM-RPM, 2022 WL 1787104, at *3 (S.D. Miss. June 1, 2022) ("Under Mississippi law, a sheriff's department is not a separate legal entity capable of being sued; rather, it is considered an extension of the county."). This matter is well-settled, and the claims against the Sheriff's Department must be dismissed. *See, e.g.*, *Hampton*, 2008 WL 4450294, at *3.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Vernon Dampier, Sheriff Ron Strickland, and Joseph Scott's Motions [24], [29] for

[1] In addition, "[s]uits against municipal officials in their official capacities" are tantamount to "suits against the municipality itself." *Jones v. City of Houston*, 756 F. App'x 341, 346 n.2 (5th Cir. 2018) (per curiam). Although not raised by the parties, the official capacity claims against Strickland, Scott, and Dampier are duplicative of the claims against the County and therefore should be dismissed along with their individual capacity claims. *See Licona v. Roy*, No. 4:23-CV-1978, 2025 WL 3124018, at *5 (S.D. Tex. Nov. 7, 2025) (collecting cases and noting that courts can consider this issue sua sponte).

Judgment on the Pleadings are **GRANTED**, and the individual capacity claims against them are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Jefferson Davis County Sheriff's Department's Motion [31] for Judgment on the Pleadings is **GRANTED**, and the claims against it are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the official capacity claims against Defendants Vernon Dampier, Ron Strickland, and Joseph Scott are **DISMISSED WITH PREJUDICE** as duplicative of the claims asserted against Jefferson Davis County, Mississippi. Plaintiff's claims against Jefferson Davis County, Mississippi, will proceed.

**SO ORDERED AND ADJUDGED**, this the 25th day of August, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE